UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMUEL MONTERO,

                                Plaintiff,

-against-

NICHOLAS GIANIKOS, CORR. OFFICER, WORK AT A.M.K.C. FACILITY C-95 HOURS 4AM/1PM IN INTAKE; CHRIS MAZZELA, CORR OFFICER, WORK AT A.M.K.C. FACILITY C-95 HOURS 4AM/1PM IN INTAKE; EDWARD ALVAREZ, CORR OFFICER WORK AT A.M.K.C. FACILITY C-95, HOURS 4AM/1PM IN INTAKE,

                                Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF OFFICERS MAZZELA AND ALVAREZ**

07 CV 3228 (VM)(GWG)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants Correction Officer Mazzela and Correction Officer Alvarez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:[1]

        1.    Deny the allegations set forth in paragraph "I" of the amended complaint and all of its subparts, except admit that plaintiff purports to name the parties as stated therein.

        2.    Deny the allegations set forth in paragraph "II.A." of the amended complaint, except admit that plaintiff was incarcerated at the Anna M. Kross Center on or about March 7, 2007.

---

[1] On information and belief, the individual identified in the caption of the amended complaint as "Nicholas Gianikos" has not been served with a copy of the summons and amended complaint and is therefore not a defendant in this action.

3. Deny the allegations set forth in paragraph "II.B." of the amended complaint, except admit that plaintiff was present in the intake area of the Anna M. Kross Center on or about March 7, 2007.

4. Deny the allegations set forth in paragraph "II.C." of the amended complaint, except admit that an incident involving plaintiff occurred on or about March 7, 2007 at approximately 6:00 a.m. in the Anna M. Kross Center.

5. Deny the allegations set forth in paragraph "II.D." of the amended complaint, except deny knowledge or information sufficient to form a belief as to the number of inmates that may have witnessed the incident alleged in the amended complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III" of the complaint, except admit that plaintiff visited the clinic on or about March 7, 2007.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV" of the complaint and all of its subparts.

8. Deny the allegations set forth in paragraph "V" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

10. The amended complaint fails to state a claim upon which relief can be granted.

- 3 -

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

11. Defendants Officer Mazzela and Officer Alvarez have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

12. At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

13. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

14. Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

15. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

16. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

17. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

- 4 -

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

18. Plaintiff provoked any incident.

Case 1:07-cv-03228-VM-GWG   Document 13   Filed 08/22/2008   Page 4 of 7

- 5 -

**WHEREFORE,** defendants Correction Officer Mazzela and Correction Officer Alvarez request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 22, 2008

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                               City of New York
                                            Attorney for Defendants Mazzela and Alvarez
                                            100 Church Street
                                            New York, New York 10007
                                            (212) 788-1575

By:             /s/            
      Bradford C. Patrick
      Assistant Corporation Counsel
      Special Federal Litigation Division

To:   BY MAIL
      Samuel Montero,
      Plaintiff Pro Se
      George R. Vierno Center
      09-09 Hazen St.
      E. Elmhurst, NY 11370

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Bradford C. Patrick declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **August 22, 2008** I served the annexed **Answer to the Amended Complaint on Behalf of Officers Mazzela and Alvarez** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Samuel Montero, ▇
> Plaintiff Pro Se
> George R. Vierno Center
> 09-09 Hazen St.
> E. Elmhurst, NY 11370

Dated:   New York, NY
         August 22, 2008

                                           /s/
                                           Bradford C. Patrick
                                           Assistant Corporation Counsel
                                           Special Federal Litigation

Index No. 07 CV 3228 (VM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL MONTERO,

                        Plaintiff,

-against-

NICHOLAS GIANIKOS, CORR. OFFICER, WORK AT A.M.K.C. FACILITY C-95 HOURS 4AM/1PM IN INTAKE; CHRIS MAZZELA, CORR OFFICER, WORK AT A.M.K.C. FACILITY C-95 HOURS 4AM/1PM IN INTAKE; EDWARD ALVAREZ, CORR OFFICER WORK AT A.M.K.C. FACILITY C-95, HOURS 4AM/1PM IN INTAKE,

                        Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF OFFICERS MAZZELA AND ALVAREZ**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Mazzela and Alvarez*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bradford C. Patrick*
*Tel: (212) 788-1575*
*NYCLIS No.2008-00296*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 200......*

*............................................................................ Esq.*

*Attorney for.................................................................*